# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JAMES D. HARMON,

    Plaintiff,

v.

TREVOR STEPHENS, *Judge,* and
DAVID SEID, *Public Defender,*

    Defendants.

Case No. 3:24-cv-00241-RRB

## ORDER OF DISMISSAL

On November 4, 2024, self-represented prisoner James D. Harmon ("Plaintiff"), a filed a civil complaint ("Complaint"), an application to waive prepayment of the filing fee, and a financial affidavit.[1] Plaintiff claims Judge Trevor Stephens and Public Defender David Seid colluded against him to deny him access to the courts during April and May 2005.[2] Liberally construed, Plaintiff alleges evidence was illegally introduced at his criminal trial, which should have resulted in a mistrial.[3] The evidence allegedly included a photograph with a sock in the foreground, so Plaintiff claims Defendants "effectively chained [him] to a sock."[4] For relief, Plaintiff seeks damages in the amount of $1,000,000.00 and

---

[1] Dockets 1–3.

[2] Docket 1 at 3–4.

[3] *Id.* at 3.

[4] *Id.* at 3–4.

punitive damages in the amount of $1,000,000.00.[5]  On January 15, 2025, Plaintiff filed a motion seeking to add additional defendants to this case.[6]  A plaintiff may not simply substitute part of a complaint or add new facts, claims, or defendants by motion.  Therefore, the motion at Docket 4 is DENIED.

The Court now has screened the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.  The Court finds Plaintiff has failed to adequately state a claim for which relief may be granted.  The Court further finds the Complaint to be frivolous and that allowing leave to file an amended complaint would be futile.  Therefore, the Court will not grant Plaintiff leave to file an amended complaint and dismisses this case with prejudice.

This dismissal does not count as a strike under the 28 U.S.C. § 1915(g).[7]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[8]

In this screening, a district court shall dismiss the case at any time if the court determines that the action:

---

[5] *Id.* at 8.

[6] Dockets 4–5.

[7] *Hoffman v. Pulido*, 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's Dep't,* 833 F.3d 1048, 1057 (9th Cir. 2016)).

[8] 28 U.S.C. §§ 1915, 1915A.

Case No. 3:24-cv-00241-RRB, *Harmon v. Stephens and Seid*
Order of Dismissal
Page 2 of 7
Case 3:24-cv-00241-RRB     Document 9     Filed 03/07/25     Page 2 of 7

>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.[9]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[10] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[11] Although the scope of review generally is limited to the contents of the complaint, a court also may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[12] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would

---

[9] 28 U.S.C. § 1915(e)(2)(B).

[10] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[11] *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[12] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

Case No. 3:24-cv-00241-RRB, *Harmon v. Stephens and Seid*
Order of Dismissal
Page 3 of 7
Case 3:24-cv-00241-RRB    Document 9    Filed 03/07/25    Page 3 of 7

be futile.[13] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[14]

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[15] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[16] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[17]

## DISCUSSION

### I. Civil Rights versus Habeas Corpus Actions

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint.[18] A

---

[13] See Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988)).

[14] See Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

[15] 28 U.S.C.A. § 1915(g).

[16] Jones v. Bock, 549 U.S. 199, 204 (2007).

[17] 28 U.S.C. § 1915(g); see also Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).

[18] See Muhammad v. Close, 540 U.S. 749, 750 (2004).

Case No. 3:24-cv-00241-RRB, Harmon v. Stephens and Seid
Order of Dismissal
Page 4 of 7
Case 3:24-cv-00241-RRB    Document 9    Filed 03/07/25    Page 4 of 7

prisoner who is seeking monetary damages because of an alleged violation of constitutional rights must file a civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"). However, the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), limits the ability of individuals to pursue Section 1983 claims that are related to state court criminal proceedings. Under *Heck,* a plaintiff cannot bring a Section 1983 claim for damages if a judgment in their favor would necessarily imply the invalidity of their conviction or sentence, unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[19] Therefore, when a related state court criminal case results in a conviction, a plaintiff's civil case arising out of the same incident may be barred by *Heck.*[20]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[21] of the Courtview records of the Alaska Trial Courts and of the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 pending in federal

---

[19] *Heck*, 512 U.S. at 486–87.

[20] *Wallace* 549 U.S. 384, 393 (2007).

[21] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

Case No. 3:24-cv-00241-RRB, *Harmon v. Stephens and Seid*
Order of Dismissal
Page 5 of 7
Case 3:24-cv-00241-RRB   Document 9   Filed 03/07/25   Page 5 of 7

court[22] challenging the same conviction and sentence as Plaintiff challenges in this case.[23] In his Petition, Plaintiff claims ineffective assistance of counsel, jury tampering, and that on or about November 16, 2005, Judge Stephens imposed an excessive sentence of 72 years upon him.[24] According to the Petition, David Seid represented him at the trial.[25] Although the Courtview records of the Alaska Trial Courts prior to 2010 are limited,[26] the state court docket reflects that Judge Stephens presided over the jury trial in *State of Alaska v. Harmon,* Case No. 1JU-04-00671CR, which began on April 4, 2005. Because Plaintiff has a pending Petition, he cannot show a favorable termination of the underlying criminal case against him at this time. Therefore, any claims for monetary damages are barred by *Heck.*

## II.   Plaintiff Names Improper Defendants

Even if Plaintiff's claims were not barred by *Heck,* the Complaint must be dismissed for naming improper defendants. A plaintiff cannot state a claim against

---

[22] *Harmon v. State of Alaska,* Case No. 1:23-cv-00009-SLG-KFR (Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed 09/08/2023).

[23] *See State of Alaska v. Harmon,* Case No. 1JU-04-00671CR. Records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[24] *Harmon v. State of Alaska,* Case No. 1:23-cv-00009-SLG-KFR, Docket 1 ("Petition") at 1, 7.

[25] Petition at 12.

[26] Docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm ("All Records Prior to 09/24/10 are Converted Records.").

Case No. 3:24-cv-00241-RRB, *Harmon v. Stephens and Seid*
Order of Dismissal
Page 6 of 7
Case 3:24-cv-00241-RRB     Document 9     Filed 03/07/25     Page 6 of 7

a judicial officer "because [a] judge is absolutely immune for judicial acts."[27] Additionally, an attorney appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, . . . not a state actor,"[28] an essential element of a Section 1983 claim. Therefore, Plaintiff's claims against the state court trial judge and public defender are barred or fail to state a cognizable claim.

**IT IS THEREFORE ORDERED:**

1. The Complaint at **Docket 1 is DISMISSED with prejudice**.

2. All pending motions are **DENIED as moot**.

3. The Clerk shall issue a final judgment and close this case.

DATED this 7th day of March, 2025, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[27] *Simmons v. Sacramento County Superior Court,* 318 F. d 1156, 1161 (9th Cir. 2003).

[28] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

Case No. 3:24-cv-00241-RRB, *Harmon v. Stephens and Seid*
Order of Dismissal
Page 7 of 7
Case 3:24-cv-00241-RRB    Document 9    Filed 03/07/25    Page 7 of 7